UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-CV-20635-KMM

WILLIAM RODRIGUEZ,

    Plaintiff,

v.

LYDIA MARQUEZ GOMEZ,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendant Lydia Marquez Gomez's Renewed Motion to Stay Discovery and for Relief from the Court's Pretrial Deadlines Pending Ruling on Defendant's Entitlement to Qualified Immunity ("Motion to Stay") (ECF No. 27).  This case was referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to any and all pretrial discovery matters, excluding any motion affecting deadlines set by the Court's Scheduling Order, unless specifically referred by separate Order (ECF No. 14).  The Court subsequently referred Defendant's Motion to Stay which, as the title implies, includes a request to modify the pretrial deadlines set by the Court's Scheduling Order (ECF No. 37).

Following a hearing conducted July 18, 2022, the Court granted Defendant's Motion to Stay to the extent she sought a stay of discovery pending resolution of her Motion to Dismiss.  To the extent Defendant seeks abatement of pretrial deadlines, that relief exceeds the scope of the

Court's referral, thus, the undersigned now enters this report and recommendation.

The pertinent facts underlying this dispute and its procedural posture are discussed at greater length in my Omnibus Order granting Defendant's Motion for Protective Order and Motion to Stay Discovery (ECF No. 40). Before granting, a hearing was conducted on the Motions on July 18, 2022. At the hearing, the Court solicited Plaintiff's proposed discovery plan. Plaintiff presented a well-thought out and fulsome plan, identified the individuals he intends to depose, and duly supported his estimate for needing at least 90 days (though expressing a preference for 120-days) to complete offensive discovery. Plaintiff's counsel further explained that, because he has refrained from serving any written discovery on Defendant, in deference to the pending Motion to Dismiss, his discovery efforts at present are even further behind the posture he would otherwise be.

Having found Defendant entitled to a stay of discovery pending disposition of her Motion to Dismiss, and finding good cause for the Plaintiff's estimated time to complete discovery, I respectfully recommend that the Court abate all pre-trial deadlines from today's date until resolution of Defendant's dispositive motion; and that the time remaining for discovery be permitted thereafter.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade*

*Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

    **RESPECTFULLY SUBMITTED** in Chambers, in Miami, Florida this 18th day of July, 2022.

                      _____
                       LAUREN F. LOUIS
                       **UNITED STATES MAGISTRATE JUDGE**